CSD 1160 [03/01/15]
Name, Address, Telephone No. & I.D. No.

SHERYL K. ITH [SBN 225071]
sith@cookseylaw.com
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Blvd, 10th Floor
Costa Mesa, CA 92626
(714) 431-1100; FAX: (714) 431-1119

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
Casey Adam Bunce
                                                    Debtor.

BANKRUPTCY NO. 23-03687-CL13

Performance Finance
                                              Moving Party

RS NO. SKI-1

Casey Adam Bunce; Kara Renten, Non-filing Co-debtor
and Michael Koch, Trustee;
                                              Respondent(s)

## MOTION FOR RELIEF FROM AUTOMATIC STAY
☐ REAL PROPERTY   ☑ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☐ 7  ☐ 11  ☐ 12  ☑ 13  was filed on 11/24/2023.

2. Procedural Status:
   a. ☑ Name of Trustee Appointed (if any): Michael Koch
   b. ☐ Name of Attorney of Record for Trustee (if any):
   c. ☐ (Optional) Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on:_____.
      If applicable, the prior case was dismissed on:_____.
   d. ☑ (If Chapter 13 case): Chapter 13 Plan was confirmed on 04/09/2024 or a confirmation hearing is set for_____.

Movant alleges the following in support of its Motion:

1. ☐ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:


   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):


   c. Legal description of property is attached as Exhibit A.

CSD 1160

CSD 1160 (Page 2) [03/01/15]

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $_____

    f.    *Nature of Debtor's interest in the property:

2.    ☑ The following personal property is the subject of this Motion *(describe property)*:
    2020 INDIAN MOTORCYCLES CHALLENGER, VIN: 56KLCDRR2L3384504

    a.    Fair market value of property as set forth in the Debtor's schedules: $ N/A

    b.    Nature of Debtor's interest in the property:  Buyer

3.    *Fair market value of property according to Movant: $ N/A

4.    *Nature of Movant's interest in the property:  Lienholder

5.    *Status of Movant's loan:
    a.    Balance owing on date of Order for Relief:    $ 10,695.99    (Payoff under the Contract as of 09/06/2024)
    b.    Amount of monthly payment:    $ 592.43
    c.    Date of last payment:    05/20/2024
    d.    If real property,
        i.    Date of default:
        ii.    Notice of Default recorded on:
        iii.    Notice of Sale published on:
        iv.    Foreclosure sale currently scheduled for:
    e.    If personal property,
        i.    Pre-petition default:    $ 453.73    No. of months: fees
        ii.    Post-petition default:    $ 2,547.01    No. of months: 4.3

6.    *(If Chapter 13 Case, state the following:)*
    a.    Date of post-petition default:    05/01/2024
    b.    Amount of post-petition default:    $ 2,547.01

7.    Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN)<br>Pre-Petition Arrearages<br>Total Amount - # of Months | Post-Petition Arrearages<br>Total Amount - # of Months |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |
| Totals for all Liens: | $ 0.00 | $ 0.00 | $ 0.00 |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

CSD 1160 (Page 3) [03/01/15]

8. Relief from the automatic stay should be granted because:
   a. ☑ Movant's interest in the property described above is not adequately protected.
   b. ☐ Debtor has no equity in the ☐ real property ☐ personal property described above and this property is not necessary to an effective reorganization.
   c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and
      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and
      ii. the Debtor/Trustee has
         (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or
         (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.
   d. ☑ *Other cause exists as follows (specify): ☐ See attached page.
      Post-petition payments have not been made to Movant pursuant to the Contract.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1. ☑ Other relevant evidence:
   Retail Installment Sale Contract (Exhibit "A"); Electronic "paperless" title information (Exhibit "B"); Application for Compensation and Confirmation of Chapter 13 Plan; and Order thereon and Chapter 13 Plan (Exhibit "C"); Debtor's payment history with Movant (Exhibit "D")

2. ☑ (Optional) Memorandum of points and authorities upon which the moving party will rely.
   Non-filing Co-debtor Points and Authorities

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☑ Relief as requested.

☑ Other:
• That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and
• That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
• That the Co-Debtor stay of 11 U.S.C. Section 1301(a) is terminated, modified or annulled as to the Co-Debtor, on the same terms and conditions as to the Debtor.

Dated: 9/11/2024

/s/ Sheryl K. Ith
[Attorney for] Movant Sheryl K. Ith

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

## MOVANT IS ENTITLED TO RELIEF FROM THE CO-DEBTOR STAY UNDER §1301(c)

11 U.S.C. §1301 provides for a stay of action against any individual liable upon a consumer debt with the Debtor. 11 U.S.C. §1301(a). The co-debtor stay enjoins a creditor from acting or commencing or continuing any civil action to collect all or any part of such debt.

However, 11 U.S.C. §1301(c) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by (a) of this section with respect to a creditor, to the extent that –
>
> (1) As between the debtor and the individual protected under (a) of this section, such individual received the consideration for the claim held by such creditor:
>
> (2) The plan filed by the debtor proposes not to pay such claim; or
>
> (3) Such creditor's interest would be irreparably harmed by continuation of such stay."

Here, Movant would be irreparably harmed by continuation of the co-debtor stay since Movant, as a lienholder, is not in possession of the Vehicle and is not being compensated for the Debtor and co-debtor's continued use of the Vehicle. Therefore, Movant should be granted relief from the co-debtor stay of 11 U.S.C. §1301.

## CONCLUSION

For the foregoing reasons, Movant requests relief from the automatic stay of 11 U.S.C. §362 as well as the Co-Debtor stay of 11 U.S.C. §1301 to permit Movant and all agents acting on its behalf to exercise all of Movant's rights and remedies with respect to the vehicle in question.

DATED: 9/11/2024

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: /s/Sheryl K. Ith
Sheryl K. Ith
Attorney for Movant